**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000743
14-MAR-2013
08:49 AM**

NO. CAAP-12-0000743

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILLIAM W. CORLESS, JR., Plaintiff-Appellant, v.
EBAY, INC., Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-0991-04)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over this appeal that Plaintiff-Appellant William w. Corless, Jr. (Appellant Corless) has asserted from the Honorable Patrick W. Border's July 30, 2012 order granting the motion of Defendant-Appellee eBay, Inc. (Appellee eBay) to dismiss Appellant Corless' complaint (July 30, 2012 Order Dismissing Complaint) and the July 30, 2012 order granting Appellee eBay's motion to dismiss Appellant Corless' amended complaint (July 30, 2012 Order Dismissing Amended Complaint), because the circuit court has not reduced these orders to a separate judgment pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). The supreme court has promulgated HRCP Rule 58, which specifically requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58 (emphasis added). Based on this requirement under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 119, 869 P.2d at 1338. The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted) (emphasis added). For example, the supreme court has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate

document.'" Price v. Obayashi Hawaii Corporation, 81 Hawaiʻi 171, 176, 914 P.2d 1364, 1369 (1996) (emphases added). Therefore, absent the entry of a final judgment, neither the July 30, 2012 Order Dismissing Complaint nor the July 30, 2012 Order Dismissing Amended Complaint is eligible for appellate review. On October 23, 2012, the record on appeal was filed in this case, at which time the record on appeal did not contain a separate final judgment that resolved all claims against all parties. Therefore, Appellant Corless' appeal is premature, and we lack appellate jurisdiction. Accordingly,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, March 14, 2013.

Chief Judge

Associate Judge

Associate Judge